IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CURTIS JAMES JACKSON,                        :
                                             :
       Plaintiff                          :
                                             :
                                             :
      VS.                                :        **1 : 04-CV-122 (WLS)**
                                             :
P.A. SPAIN,                                  :
                                             :
                                             :
      Defendant.                          :

**ORDER**

The plaintiff filed this § 1983 action in August 2004, alleging that the defendant had acted with deliberate indifference to his serious medical needs while he was confined at the Dougherty County Jail between June and August 2004.  Presently pending are the plaintiff's motion seeking discovery materials, motion seeking "meaningful access to the courts", and Motion to Amend.

In his motion seeking discovery materials, the plaintiff seeks his medical records from the Dougherty County Jail.  To the extent that the plaintiff seeks to propound discovery to the defendant, he must do so by directing his requests for discovery to the defendant, rather than to the court.  Plaintiff's "motion" seeking discovery is therefore inappropriately directed to the court and is **DENIED**.

In his motion seeking "meaningful access to the courts", the plaintiff asks that Dougherty County Jail officials provide him with five free local and long distance calls per day, a phone book, a medical expert, an investigator, runners, and unlimited access to a copy machine. Plaintiff's requests are wholly without merit and his "motion" is hereby **DENIED**.  To the extent

that he remains incarcerated, the plaintiff is reminded that said incarceration necessarily and by

definition results in severe restrictions of his access to the outside world.  The items requested by

the plaintiff in no way implicate the requirements of meaningful access to the courts.

Plaintiff's Motion to Amend was filed after the filing of an answer by defendant Spain and

seeks to add Sheriff Jamil Saba, "Nurse Georgette" and "Nurse Peggy" as defendants.  Rule 15(a)

provides that "[a] party may amend the party's pleading [after a responsive pleading has been

served] only by leave of court or by written consent of the adverse party; and leave shall be freely

given when justice so requires."  Although the decision to grant or deny a motion to amend a

complaint is within the discretion of the court, "a justifying reason must be apparent for denial of

a motion to amend."  Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993).  The court may

consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"  Nolin

v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990) (quoting Foman v. Davis, 371 U.S.

178, 182 (1962)).

The plaintiff provides no explanation for his four (4) month delay in attempting to amend

his complaint to include additional defendants, nor does he provide any specific details of his

claims against these individuals.  To the extent that plaintiff attempts to add Sheriff Saba as a

defendant, merely stating that this defendant acted as a supervisor is not enough.  It is axiomatic,

in Section 1983 actions, that liability must be based on something more than a theory of

*respondeat superior*."  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).  In light of the

unexplained delay between the filing of the original complaint and the filing of the purported

2

amendment, and the plaintiff's failure to detail any claims against the individuals he wishes to

add as defendants, the plaintiff's Motion to Amend is hereby **DENIED**.

**SO ORDERED**, this 6th  day of June, 2005.


/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb