IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CURTIS JAMES JACKSON, | : |
| Plaintiff | : |
| VS. | :    1 : 04-CV-122 (WLS) |
| P.A. SPAIN, | : |
| Defendant. | : |

**RECOMMENDATION**

Presently pending herein are the defendant's Motion for Summary Judgment and Motion to Dismiss. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

The plaintiff filed this action in August 2004, raising allegations of deliberate indifference to his serious medical needs. Specifically, the plaintiff maintains that between June 30, 2004 and August 1, 2004, while he was confined at the Dougherty County Jail, he requested and was refused specialist medical treatment for his spinal and back pain issues, as well as for his right shoulder pain/condition. The plaintiff asserts that although Dr. Spain is authorized to do so, he has refused to refer the plaintiff to either a chiropractor or orthopedist, as requested by the plaintiff.

*Motion to Dismiss*

In his Motion to Dismiss, filed subsequent to the filing of his Motion for Summary Judgment, the defendant argues that this matter should be dismissed based on the plaintiff's

failure to diligently prosecute this lawsuit, by failing to keep the parties informed as to his current address.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff is required to diligently prosecute his lawsuit.  If he fails to do so, the court may dismiss his case on that basis.  Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution.  Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals an inadequate record upon which to recommend dismissal for the plaintiff's failure to prosecute.  Several notices of address changes appear in the record, submitted during the time frame during which defense counsel received returned mail from plaintiff's original address.  These notices of address change are accompanied by certificates of service indicating that defense counsel was served with same.  In light of the fact that the plaintiff appears to have been transferred several times during the pendency of this lawsuit, and in light of the pendency of a motion for summary judgment, the undersigned recommends that the defendant's Motion to Dismiss be **DENIED**.

*Motion for Summary Judgment*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986)).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence

of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Dr. Spain has supported his motion for summary judgment with his affidavit and pertinent portions of the plaintiff's jail medical records.

In his affidavit, Dr. Spain states that he serves as a licensed physician for Prison Health Services, which in turn provides inmate medical services for the Dougherty County Jail. Although a trained medical staff is available at the jail on a twenty-four (24) hour basis, Dr. Spain states that he provides on-site services at the jail one day per week, along with on-going availability per telephone consultations. Dr. Spain's affidavit testimony, supported by the plaintiff's medical records, establish that as early as June 8, 2004, Dr. Spain became aware of plaintiff's regularly dislocating right shoulder, and had him sent to Phoebe Putney Memorial Hospital for care and treatment. Hospital physicians x-rayed plaintiff's right shoulder, noted its frequent dislocation, and undertook successful shoulder reduction. Dr. Spain prescribed Tylenol # 3 for the plaintiff upon his return to the jail, and required him to remain in the jail infirmary for observation. Plaintiff was returned to the general jail population on June 10, 2004, and from June 8, 2004 through June 15, 2004, he was provided Tylenol # 3 twice daily; between June 17 and June 20, 2004, he was provided Percogesic for pain. On June 26, 2004, the plaintiff again dislocated his right shoulder and was again transported to the Emergency Room at Phoebe Putney Memorial Hospital. The plaintiff underwent another shoulder reduction, was returned to the jail infirmary and released to the general jail population on June 28, 2004, with Dr. Spain ordering Percogesic for his pain from June 27, 2004 until August 20, 2004.

On June 29, 2004, the plaintiff complained of low back pain and was seen by a nurse on

June 30.  On July 1, 2004, Dr. Spain ordered x-rays for plaintiff's lower and upper spine and prescribed pain medication.  X-rays showed normal results, with basic degenerative changes at C5-6.  Dr. Spain placed the plaintiff on a ten (10) day heat pack treatment course, provided a bottom bunk and extra mattress profile, and prescribed anti-inflammatory and muscle relaxer medications.  On September 7, 2004, Dr. Spain again ordered x-rays of the plaintiff's lower back based on his complaints of pain.  Dr. Spain states that surgery is an elective course of treatment for plaintiff's shoulder condition, but is "by no means necessary."  Spain affidavit at ¶ 8.

In response to Dr. Spain's summary judgment showing, the plaintiff has submitted his affidavit and portions of his medical records.  The plaintiff states that he was never provided with follow-up care or instructions following the June 2004 shoulder reduction, and was required to wear a shoulder immobilizer between June 26, 2004, and September 1, 2004, which the plaintiff alleges caused muscle deterioration.  Plaintiff further alleges that he filed multiple grievances and complaints seeking treatment for his ongoing pain, but that Dr. Spain refused to properly treat and diagnose his conditions.[1]

"[T]he question whether an x-ray -- or additional techniques or forms of treatment -- is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." Estelle v. Gamble, 429 U.S. 97,107 (1976).  Rather, deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires

---

[1] In his affidavit, the plaintiff also addresses ongoing claims of deliberate indifference that pertain to a time period during and after November 2004.  Such claims were not included in plaintiff's original complaint, and inasmuch as the plaintiff has not amended his complaint to include these claims, they are not properly before the court.

4

action." Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994).  To the extent that the plaintiff disagrees with the course of treatment provided by the defendant, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).

Herein, the plaintiff's medical records establish Dr. Spain's consistent, regular treatment of the plaintiff for his various complaints during the time period in question.  He was provided hospital emergency room treatment, pain medication, and monitoring by the jail medical staff, at the direction of Dr. Spain.  His care included follow-up observation and pain medication for his shoulder, as well as x-rays for his spine and shoulder complaints.  Plaintiff's complaint against Dr. Spain centers on plaintiff's belief that he needs to receive treatment from a specialist.  The court notes that "as with all medical care provided to prisoners, it is not constitutionally required that [such] health care be 'perfect, the best obtainable, or even very good'". Id. at 1510.  The plaintiff has offered nothing to rebut the defendant's showing that the plaintiff received regular medical care and attention for his shoulder and back conditions and complaints, and has failed to establish that Dr. Spain acted with deliberate indifference to plaintiff's serious medical needs.

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED** and that his Motion to Dismiss be **DENIED**.  Pursuant to 28

U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of February, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb