**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| CURTIS JAMES JACKSON, : : Petititioner, : : v. : 1:04-CV-122 (WLS) : P. A. SPAIN, : : Respondent. : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Richard L. Hodge filed February 9, 2006, recommending that Respondent's Motion for Summary Judgment (Doc. 20) be granted and Respondent's Motion to Dismiss (Doc. 28) be denied. (Doc. 34). Petitioner filed his timely objection to this recommendation on February 27, 2006. (Doc. 35).

### I.   Motion to Dismiss

Respondent moves to dismiss the instant action based on Petitioner's alleged failure to diligently prosecute said lawsuit. (Doc. 28). In his recommendation, Judge Hodge found there to be an "inadequate record upon which to recommend dismissal for [Petitioner's] failure to prosecute." (Doc. 34). In the record, Judge Hodge further found several notices of address change, accompanied by certificates of service in the record, submitted during the time frame during which defense counsel received returned mail from Petitioner's original address. *Id*. "In light of the fact that the plaintiff appears to have been transferred several times during the pendency of this lawsuit, and in light of the pendency of a motion for summary judgment," the Magistrate Judge recommended Respondent's Motion to Dismiss be denied. *Id*. Neither Petitioner nor Respondent filed a timely objection to the Magistrate Judge's recommendation regarding the motion to dismiss.

### II.   Motion for Summary Judgment

Respondent moves for summary judgment on Petitioner's complaint, alleging that the same is based on Petitioner's disagreement with the course of medical treatment prescribed and

-1-

administered by Respondent.  (Doc. 20; *see also* Doc. 2).  In his recommendation, Judge Hodge found that Respondent became aware of Petitioner's regularly dislocating his right shoulder as early as June 8, 2004; and thereafter sent him to Pheobe Putney Memorial Hospital for care and treatment.  (Doc. 34).  Judge Hodge further found that hospital physicians x-rayed Petitioner's right shoulder, noted its frequent dislocation, and on at least two separate occasions performed successful shoulder reduction.  *Id*.  In the approximately three weeks between the shoulder reductions, Judge Hodge found that Respondent provided Petitioner with two different pain medications.  *Id*.

On June 29, 2004, the Magistrate Judge found, Petitioner complained of lower back pain, after which Respondent was seen by a nurse.  *Id*.  Judge Hodge further found that on July 1, 2004, Respondent ordered additional x-rays, prescribed pain, anti-inflamatory, and muscle relaxer medications, and placed Petitioner on a ten (10) day heat pack treatment course.  *Id*.  On September 7, 2004, Judge Hodge found that Respondent again ordered x-rays of Petitioner's lower back based on Petitioner's pain complaints.  *Id*.

Judge Hodge noted that Petitioner "stated that he was never provided with follow-up care or instructions following the June 2004 shoulder reductions, and was required to wear a shoulder immobilizer between June 26, 2004 and September 1, 2004, which [Petitioner] alleges caused muscle deterioration."  *Id*.  Judge Hodge further noted Plaintiff's further allegations "that he filed multiple grievances and complaints seeking treatment for his ongoing pain, but that Dr. Spain refused to properly treat and diagnose his conditions."  *Id*.

In conclusion, Judge Hodge found that Petitioner's medical records establish Respondent's consistent, regular treatment of Petitioner's various complaints during the time period in question. *Id*.  Relying on Estelle v. Gamble, 429 U.S. 97, 106 (1976), Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994), and Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir.1991), Judge Hodge found that neither mere incidents of negligence nor simple differences in medical opinion between a prisoner/patient and a physician support a claim for cruel and unusual punishment.  Judge Hodge further found that Petitioner " has offered nothing to rebut [Respondent's] showing that [Petitioner] received regular

-2-

medical care and attention for his shoulder and back conditions and complaints, and has failed to establish that [Respondent] acted with deliberate indifference to [Petitioner's] serious medical needs." *Id*.

In his objection, Petitioner reiterates claims and arguments made in his response to the instant motion for summary judgment, which the Magistrate Judge considered in connection with the Report and Recommendation at issue. (*See* Doc. 35, *c.f.*, Doc. 22). In his objection, as in his response to Respondent's motion for summary judgment, Petitioner offers no factual evidence in support of his claims; only mere speculation, which is insufficient to support a finding that Respondent acted with deliberate indifference. *Id*.

Upon full review and consideration upon the entire record, and taking into consideration the objections of Petitioner, the Court finds that said Report and Recommendation (Doc. 34) should be, and hereby is, **ACCEPTED, ADOPTED** and made the order of this Court for reason of the findings and reasons set out therein, together with the findings made and conclusions reached herein. Accordingly, Respondent's Motion for Summary Judgment (Doc. 20) is **GRANTED**; and Respondent's Motion to Dismiss (Doc. 28) is **DENIED**.

**SO ORDERED,** this   29th   day of March, 2006.

       /s/W. Louis Sands  
**W. LOUIS SANDS, CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**